WILLARD LESTER, Trustee, etc., Respondent, *v.* HENRY A. MANN *et al.*, Appellants.

*N. Y. Supreme Court, Third Department, General Term, May* 27, 1889.

*Judgment. Foreclosure. Setting aside default.*—An order denying a motion to set aside a judgment of foreclosure by default, and all the proceedings founded thereon, should not be reversed, where the proceeding is proper, and the defendant makes no affidavit of merits, and shows nothing which indicates that he has been injured by the judgment and sale, nor that the debt, as found by the referee, was too large, nor disputes the validity of the deed which was foreclosed as a mortgage in the action.

Appeal from an order denying a motion to set aside a judgment of foreclosure entered upon defendant's default.

*C. H. Sturges*, for appellant.

*C. S. Lester*, for respondent.

PER CURIAM.—If the deed and the declaration created a mortgage, then there would be no doubt that the so-called foreclosure was proper.

If, on the other hand, these instruments created a trust,

then it would not be illegal for the trustee to apply to the court, so that under its sanction the power to sell the land should be exercised. It may not have been necessary to do this; but we see no harm in this course. The plaintiff was thus enabled to establish, in a legal proceeding, the existence and extent of the claims which were to be paid under the trust.

The appointment of a new trustee by this court was made on notice to Mann, and he has not appealed from the order. It must stand, as valid.

In the complaint in this action the facts are all fully stated, and the judgment taken is that which is asked for. The defendant, Mann, makes no affidavit of merits and shows nothing which indicates that he has been injured by the judgment and sale. He does not show that the debt, as found by the referee, was too large, nor does he dispute the validity of the deed of conveyance.

We see no ground to reverse the order.

Order affirmed, with ten dollars costs and printing disbursements against defendant, Mann.